VACUUM OIL CO. *v.* BUFFALO LUBRICATING OIL CO., (Limited.)

*(Circuit Court, N. D. New York. July 16, 1884.)*

PATENT PROCESS FOR OIL—REISSUE—UNLAWFUL CLAIM.

The claim of the reissue of a patent for making an oil product by the use of steam, in vacuo, cannot be unlawfully broadened so as to include the oil product, no matter by what process produced.

In Equity.

*George B. Selden* and *T. Outerbridge,* for complainant.

*James A. Allen* and *Corlett & Hatch,* for defendant.

COXE, J. This is an equity action founded upon reissued letters patent No. 7,321, granted to the complainant, as assignee, on the twenty-sixth of September, 1876. The application was filed January 29,1876. The original patent, No. 58,020, was issued to M. P. Ewing, September 11, 1866.

Of the various defenses interposed but one will be examined, viz., that the reissue is void for the reason that the claim is improperly expanded. The claims are as follows:

| ORIGINAL. | REISSUE. |
|---|---|
| As a new manufacture, an oil-product, as above described, when produced from crude petroleum by the evaporation therefrom of the lighter hydrocarbons in vacuo by the use of steam or its equivalent, to prevent burning, substantially as herein set forth. | An unburned, residual, heavy hydrocarbon-oil, substantially as described. |

It will be observed that in the reissue the product alone is claimed, all reference to the manner in which it is produced is omitted. The original limited the invention to a heavy residual oil produced from crude petroleum by the evaporation therefrom of the lighter hydrocarbons in vacuo by the use of steam or its equivalent. The attempt in the reissue is to claim the oil product, no matter by what process produced; to sweep into complainant's net every new method of producing the desired result, and every improvement upon the old method, which had been discovered during an interval of nearly 10 years, or which may be discovered in the future. It is suggested that the claim should be read in connection with the description, and if so read the precise manner of manufacture described in the original

is pointed out.    It is true that it should be so read, and it may be conceded that the original process is referred to.    But the description does not limit the invention to a product produced by vacuum distillation with the aid of steam; on the contrary, the intention to provide for all contingencies is boldly announced in these words:

"It is not intended to limit the present claim of invention to the product of precisely the same process hereinbefore described, as modifications thereof may be readily made embodying the same principle of distillation at low temperature, to which the obtaining of the product in question is due."

That the claim of the reissue has been unlawfully broadened there can be little doubt; and the long lapse of time after the date of the original brings the case within the recent decisions of the supreme court.

There should be a decree for the defendant, with costs.